## Merritt *against* O'Neil.

NEWYORK,<br>
October, 1816.<br>
MERRITT.<br>
v.<br>
O'NEIL.

IN ERROR, from the court of common pleas of the county of *Ulster.*

The plaintiff in error brought an action of trespass, *de bonis asportatis*, against the defendant in the court below, for taking and driving away his hog.   The cause was tried at the *December* term, 1815, of the court below.

On the trial, it appeared that the plaintiff's hog came, on *Sunday*, into the cornfield of the defendant, and that the defendant drove it into his barn-yard, and kept it there until the next morning, and then drove it to the house of the plaintiff, who was pound master for the town of *Hurley*, where both the parties resided, and told him, that he had brought the hog to be impounded, for having done damage the day before in his corn, and directed the plaintiff to impound the hog.   The plaintiff

*If a person impound beasts, taken damage feasant before the damages have been ascertained by the fence viewers, he is liable to an action of trespass by the owner. And it is no defence to such action that the owner of the beasts is himself the pound-master, if the distrainer has actually put them into his custody, as pound-master. Whether it would be a defence, if they had not been delivered to the owner, as poundmaster? Quære.*

then turned the hog into his barn-yard, which was used as the public pound for the town of *Hurley*, and told the defendant that the hog was impounded, and the defendant then went away. The defendant, after the hog had been delivered to the plaintiff, called the fence viewers to appraise the damage done by the hog, which they appraised, and certified, at four dollars, beside their fees; and the plaintiff, afterwards, as pound-master, advertised and sold the hog for four dollars.

The court below having expressed their opinion that the plaintiff ought not to recover, he excepted to their opinion, and submitted to a nonsuit. A bill of exceptions was tendered to the judges of the court below, which was sealed by them, and removed into this court by writ of error.

*W. Duer*, for the plaintiff in error, contended, that as the damages had not been assessed before the hog was impounded, the defendant was a trespasser, *ab initio ;** and the circumstance of the plaintiff himself being the pound-master, could make no difference. As a public officer, he was bound to keep all cattle, &c., brought to him to be impounded. The pound-master is a mere depositary.† He is not a ministerial officer, like a sheriff. The person distraining is the active party; the pound-master is merely passive, and is to keep the beast as in the custody of the law.

*C. H. Ruggles*, contra, insisted, that the object of the statute was to give greater force and effect to the common law remedy of distress, in order to compel the owner of the beast, who is a wrong doer, to make satisfaction to the party injured; but the very purpose of the act would be defeated, if the party distraining was obliged to put the distress or pledge into the hands of the wrong doer himself; the act never could have contemplated such a case. If a *ca. sa.* issue against a sheriff, is he to imprison himself? In *Day* v. *Brett*,‡ which is analogous in principle, the court said, in case of a *ca. sa.* against the sheriff, the *coroner* was bound to make his own house the prison; it being a *casus omissus* in the statute. So the present must be regarded, also, as a *casus omissus*, and the party distraining is to proceed as at common law, and keep the beast in his own custody.§

Again, if a distress is taken irregularly, the owner of the beast

* 2 N. R. L. 134. 2 Johns. Rep. 191. 10 Johns. Rep. 254. 369.

† Comp. 476.

‡ 6 Johns. Rep. 22.

§ 3 Bl. Com. 6, 7. Co. Litt. 47. b.

may retake it;* and if it comes again into his possession, he may keep it; and if it is in the possession of the owner lawfully, he cannot be made a trespasser, *ab initio.* If the taking of the beast was void as a distress, the pound-master was not bound to keep and impound it. It is precisely as if the defendant in error had exercised his right of recaption. In the case referred to in *Cowper,* the owner of the beast and pound-keeper were different.

*Per Curiam.* This case comes before the court on a writ of error, to the common pleas of *Ulster* county; and the question arises upon a bill of exceptions taken at the trial. It was an action for trespass, for taking, damage feasant, a hog of the plaintiff, and impounding it, before having the damages ascertained. This has been repeatedly decided by this court to be irregular and unlawful, and to render the party impounding a trespasser. (2 *Johns. Rep.* 191. 10 *Johns. Rep.* 253.) It has been attempted, however, to take this case out of the principle which governed former decisions, because the plaintiff here is himself the pound-keeper, and the defendant not bound to put the distress into his custody. But, under the facts in this case, the defendant cannot claim any benefit from this distinction, if any exists, because he did put the hog into the pound, notwithstanding the plaintiff was the keeper; and it was received and treated as a beast impounded, and the defendant cannot be permitted to say the plaintiff was not bound to receive the hog, or he to deliver it to him. The court below, however, decided, that the action could not be maintained, under such circumstances, and nonsuited the plaintiff. In this they erred, and the judgment must be reversed.

Judgment reversed.